UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN H. CLEVETT,<br><br>    Plaintiff<br><br>v.<br><br>EQUITABLE RESOURCES, INC., and<br>JOSEPH E. O'BRIEN<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-40020 FDS<br>)<br>)<br>)<br>)<br>) |

## STEPHEN H. CLEVETT'S MOTION TO REMAND

Pursuant to 28 U.S.C. § 1447(c) plaintiff, Stephen H. Clevett ("Clevett"), hereby respectfully moves this Court to remand this matter to state court on the grounds that defendants, Equitable Resources, Inc. ("EQT"), and Joseph E. O'Brien ("O'Brien") (collectively, "defendants"), have failed to assert proper grounds for federal diversity jurisdiction in this matter. In support of this motion, Clevett states as follows:

    1.    On November 30, 2004, Clevett commenced a civil action in Worcester Superior Court styled <u>Stephen H. Clevett v. Equitable Resources, Inc. and Joseph E. O'Brien</u>, Civil Action No. 2004-02334-B, by filing a Complaint and Jury Demand (the "Complaint").

    2.    The Complaint, which contains ninety-four (94) paragraphs and is seventeen (17) pages long, sets forth ten (10) counts against EQT and O'Brien arising out of defendants' unlawful termination of Clevett's employment, after fraudulently inducing Clevett to accept such employment; and defendants' subsequent refusal to pay Clevett severance and other monies owed to him pursuant to the parties' agreement.

    3.    As set forth in the Complaint, Clevett has asserted the following causes of action: (1) breach of contract against EQT (Count I); (2) breach of the covenant of good faith and fair

dealing against EQT (Count II); (3) fraudulent misrepresentation against EQT (Count III); (4) fraudulent misrepresentation against O'Brien (Count IV); (5) negligent misrepresentation against EQT (Count V); (6) negligent misrepresentation against O'Brien (Count VI); (7) tortious interference with contract against O'Brien (Count VII); (8) civil conspiracy against EQT and O'Brien; (9) violation of Mass. Gen. Laws ch. 93A §§2 and 11 against EQT (Count IX); and (10) violation of Mass. Gen. Laws ch. 93A §§2 and 11 against O'Brien (Counts X).

4. On January 31, 2005, defendants filed a Notice of Removal, which petitioned this Court to remove the instant action to federal court on the grounds that O'Brien was "fraudulently joined;" that is, named as a defendant in this action to defeat complete diversity despite the fact that Clevett allegedly is unable to state a claim against O'Brien.  Put simply, O'Brien and Clevett are both citizens of the Commonwealth of Massachusetts.  EQT is a citizen of Pennsylvania.  If, as defendants urge, O'Brien's citizenship is disregarded, then this Court would have original diversity jurisdiction of this matter under the provisions of 28 U.S.C. § 1332.

5. It is well-settled that "[a] defendant who seeks to remove a case from state court, asserting fraudulent joinder of a defendant, has the burden to prove by clear and convincing evidence … that there is no reasonable basis in law and fact for the plaintiff's claim against the putative fraudulently joined defendant." In re Massachusetts Diet Drug Litigation, 338 F. Supp. 2d 198, 202 (D. Mass. 2004); In re New England Mutual Life Insurance Company Sales Practices Litigation, 324 F. Supp. 2d 288, 298 (D. Mass. 2004).  Judge Harrington, has similarly stated:

> Joinder is considered fraudulent when there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant.  The burden of establishing that joinder is fraudulent is on the party seeking removal to federal court, and the burden is a heavy one.

Fabiano Shoe Co., Inc. v. Black Diamond Equipment, Ltd., 41 F.Supp. 2d 70, 71-72 (D. Mass. 1999).  Here, in order to defeat Clevett's motion for remand, EQT and O'Brien therefore have

the high burden of proving that there is no possibility that Clevett can prove a cause of action against O'Brien.

6. Defendants attempt to meet their high burden by arguing that O'Brien cannot be personally liable for any of Clevett's tort-based claims under Massachusetts law because O'Brien has not acted with malice and in a manner unrelated to a legitimate corporate interest. In furtherance of this argument, O'Brien has submitted an affidavit attesting to his purported lack of "malice" towards Clevett and EQT's legitimate corporate interest in terminating Clevett's employment with EQT.

7. Defendants' argument is entirely without merit. Although under Massachusetts law "a supervisor or a manager enjoys a qualified privilege from liability when performing actions within the scope of his or her normal employment duties, the privilege does not shield an employee whose actions are intentional and improper in motive or means." Ruffino v. State Street Bank & Trust Co., 908 F. Supp. 1019, 1050 (D. Mass. 1995) (internal citations omitted) (denying summary judgment on employee's tortious interference with contractual relations against supervisor). Translating this standard to but one of the causes of action asserted by Clevett against O'Brien – tortious interference with contract – a court would need to determine whether O'Brien's actions rise to the level of "actual malice." See id.

8. At this stage of the case, defendants need to prove that Clevett has *no possibility* of stating a claim against O'Brien. Defendants simply cannot meet this high burden. First Clevett's Complaint contains more than simply a conclusionary reference to malice. Specifically, in addition to an allegation of actual malice, see Complaint at ¶78, the Complaint contains highly detailed allegations demonstrating that O'Brien, *inter alia*, intentionally, (1) induced Clevett to relocate his family to Massachusetts, see id., ¶8; (2) diminished Clevett's duties with EQT without cause, see id. at ¶17; (3) terminated Clevett's employment allegedly for cause, but with no explanation, thereby depriving Clevett of the benefits of his employment

- 3 -

contract, see id. at ¶¶21-23; (4) attempted to rehire Clevett as a consultant less than one week after terminating his employment; see id. at ¶¶24-27; and (5) withdrew his offer of consulting position after inducing Clevett to spend time and his own money at EQT's expense, see id. at ¶¶24-31.  Looking to the allegations of the Complaint alone, Clevett has sufficiently alleged facts whereby an inference could be drawn that O'Brien acted with actual malice and outside of a corporate interest in terminating Clevett's employment.  See, e.g., Rufino, 908 F.Supp. at 1050-51; O'Brien v. New England Telephone & Telegraph Co., 422 Mass. 686, 687 (1986) (finding that jury could reasonably have found that supervisor maliciously interfered with employee's contractual rights).

9. Moreover, the determination of whether O'Brien acted with actual malice, is a "question that is consummately fact-bound" and is best left for a fact-finder.  See Ruffino, 908 F. Supp. at 1051.  Put another way, whether O'Brien acted with actual malice would be determined, at earliest, at the motion for summary judgment stage, or more likely still, at trial.  O'Brien's affidavit – which Clevett argues is self-serving and lacking any indicia of credibility – does not change the fact that Clevett has stated a cause of action against O'Brien.  Indeed, Clevett could easily submit a counter-affidavit indicating that there are disputes as to material facts in this matter.  To do so, however would inappropriately convert this essentially legal dispute over the propriety of removal, into a mini-trial on the merits of Clevett's claims.

10. Under these circumstances, where defendants have not and cannot meet their burden of proving fraudulent joinder, the Court must remand the case to state court.

WHEREFORE, plaintiff Stephen H. Clevett respectfully requests that the Court remand this case to state court.

        STEPHEN H. CLEVETT

        By his attorneys,

        /s/ Timothy P. Wickstrom
        Timothy P. Wickstrom  (BBO # 541953)
        TASHJIAN, SIMSARIAN & WICKSTROM
        370 Main Street
        Worcester, MA  01608
        (508) 234-4551

        /s/ Thomas F. Holt, Jr.
        Thomas F. Holt, Jr. (BBO # 238830)
        Steven P. Wright (BBO # 648575)
        KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
        75 State Street
        Boston, MA  02109-1808
        (617) 261-3100

February 28, 2005

**CERTIFICATE OF SERVICE**

I, Timothy P. Wickstrom hereby certify that a true copy of the above document was served on February 28, 2005 upon all counsel of record by first class mail, postage prepaid.

        /s/ Timothy P. Wickstrom
        Timothy P. Wickstrom