UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN H. CLEVETT,<br><br>Plaintiff,<br><br>v.<br><br>EQUITABLE RESOURCES, INC.,<br>and JOSEPH E. O'BRIEN,<br><br>Defendants. | Civil Action No. 05-40020 FDS |

**DEFENDANTS' MOTION TO STRIKE AMENDED COMPLAINT AND JURY DEMAND OR ALTERNATIVELY, TO DISMISS COUNTS III THROUGH X OF PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**

Defendants, Equitable Resources, Inc. ("Equitable") and Joseph E. O'Brien ("O'Brien") (collectively "Defendants"), hereby move to strike or dismiss Plaintiff Stephen H. Clevett's ("Plaintiff" or "Clevett") Amended Complaint and Jury Demand ("Amended Complaint") or alternatively, to dismiss Counts III through X of the Amended Complaint. Defendants rely on their Memorandum in Support of their Motion to Strike Plaintiff's Amended Complaint and Jury Demand or Alternatively, to Dismiss Counts III through X of Plaintiff's Amended Complaint and Jury Demand, submitted herewith, and contend the following.

As an initial matter, Plaintiff's Amended Complaint should be stricken or dismissed in the entirety. Plaintiff, relying on Fed. R. Civ. P. 15(a), filed its Amended Complaint with the Court, without seeking leave to do so. However, the Amended Complaint does not add facts or claims; rather, it only adds a party. In order to add a party, Plaintiff should have filed a motion pursuant to Fed. R. Civ. P. 21. Further, before

filing the motion, pursuant to Local Rule 15.1, he was required to send the proposed new party notice of his intent to file the motion.

In addition to the procedural problems, Clevett has clouded what is a breach of contract case with various tort and statutory claims in order to gain settlement leverage and to destroy diversity of citizenship. Despite his efforts, Plaintiff has failed to allege facts sufficient to state his claims or facts for which relief can be granted. First, Clevett's claims for violation of MASS. GEN. LAWS, c. 93A (Counts IX and X) should be dismissed because conduct arising out of an unemployment relationship does not support such a claim. Second, Clevett's claim for intentional interference with contractual relations against Defendant O'Brien (Count VII), his supervisor, fails to allege facts sufficient to state such a claim against a supervisor. Third, Clevett's claims against Equitable and O'Brien for fraudulent and negligent misrepresentation (Counts III, IV, V and VI) are not actionable as a matter of law because: (i) the statements that allegedly constitute misrepresentations are not actionable; and (ii) the statements were oral communications made in the course of contract negotiations where there is a written agreement at issue and the oral communications contradict the written agreement. Finally, Clevett's claim against Equitable and O'Brien for civil conspiracy (Count VIII), cannot be brought because, among other things, there is no underlying tort on which to base the claim.

Because Clevett has failed to set forth facts for which relief can be granted and is unable to prove any set of facts which would state the claims brought, Counts III through X should be dismissed.

WHEREFORE, Defendants Equitable and O'Brien, respectfully request that this Court enter an Order striking or dismissing Plaintiff's Amended Complaint, or

alternatively, dismissing Plaintiff's Counts III through X and granting such further relief as this Court deems appropriate.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rules 7.1 (D), Defendants respectfully request an oral argument on their Motion to Dismiss.

Respectfully submitted,

EQUITABLE RESOURCES, INC.
and JOSEPH E. O'BRIEN

By their attorneys,

/s/ Laurie J. Hurtt
Terence P. McCourt (BBO#555784)
Laurie J. Hurtt (BBO#634149)
Jeffrey M. Burns (BBO#661448)
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
Tel: (617) 310-6000
Fax: (617) 310-6001

DATED: June 27, 2005

### Local Rule 7.1 (A) Certificate

I hereby certify that counsel for Defendants has conferred with Plaintiff's counsel concerning the grounds for dismissing Counts III through X and attempted in good faith to resolve the issues raised in Defendants' Motion to Dismiss concerning those counts. Counsel for Defendants attempted to reach Plaintiff's counsel to confer concerning the procedural grounds for dismissing Plaintiff's Amended Complaint and Jury Demand, but was unsuccessful.

/s/ Laurie J. Hurtt
Laurie J. Hurtt

<u>CERTIFICATE OF SERVICE</u>

I, Laurie J. Hurtt, hereby certify that on the 27th day of June, 2005, I served by first-class mail and electronic filing a copy of the above to the following counsel of record:

| | |
|---|---|
| Timothy P. Wickstrom, Esq.<br>Tashjian, Simsarian & Wickstrom<br>370 Main Street<br>Worcester, MA 01608 | Thomas F. Holt, Jr., Esq.<br>Steven P. Wright, Esq.<br>Kirkpatrick & Lockhart<br>75 State Street<br>Boston, MA 02109-1808 |

<u>/s/ Laurie J. Hurtt</u>
Laurie J. Hurtt

::ODMA\PCDOCS\BOS_XP\166911\1